The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*B. Forrest,* for the Appellant, referred to *Briscoe vs. Ward,* 1 *Harr. & Johns.* 165.

*Magruder,* for the Appellees.

The opinion of the court was delivered by

MARTIN, J. If there are any rules of practice in *Montgomery* county court, that justify the procedure in this case, they ought to have appeared in the record.

In their absence, we cannot conceive upon what principle the judgment of *non pros.* was entered.

In this case it appears the plaintiff was ruled to file his declaration by the first Monday in March 1821. On this day the March term commenced, and must have been continued or adjourned to the following May, for we find the declaration was filed on the 18th of May, and a rule laid on the defendant to plead, *as of March term.* The case was continued *under the rule to plead* to November term, when the court ordered a judgment of *non pros.* to be entered against the plaintiff, because he had not filed his declaration by the first Monday in March. In this we think they erred.

If a plaintiff is laid under a peremptory rule to file his declaration by a particular day, and he fails to comply with that rule, the court may, upon the prayer of the defendant, order a *non pros.* to be entered against him. But if the declaration is received, and a rule laid on the defendant to plead to it, it is certainly *then* too late to complain. The defendant has waived his right to take advantage of the *laches* of the plaintiff, and the court has assented to it.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

LYLES *vs.* LYLES's Ex'rs.

APPEAL from *Prince-George's* county court. This suit was instituted for the purpose of recovering from the defendant, (now appellant,) 32 hhds. of tobacco, alleged to be due from him to the testatrix of the plaintiffs, for four the tobacco in money.

*If a contract is made for the payment of tobacco, which is not complied with, the plaintiff, in assumpsit on that contract, may recover the value of*

Whether or not since the act of 1812, *ch.* 135. *s.* 3, a judgment can be entered for *tobacco?*

years rent of a tract of land, and the amount of two promissory notes drawn by the defendant, and made payable to the said testatrix. The declaration contained several counts—1. *Indebitatus assumpsit* for a special undertaking to pay 32 hhds. of tobacco for four years use and occupation of a tract of land. The *assumpsit* being charged as made in the life-time of the testatrix, and to be paid in tobacco in kind. 2. Like the first, except that the promise is charged in money, and upon a *quantum meruit.* 3. Like the first, except that the charge is only for one year's use and occupation, and the *assumpsit* in money. 4. In the usual form, upon a receipt in the nature of a promissory note for $1700, drawn by the defendant, and made payable to the testatrix of the plaintiffs. 5. In like manner upon another promissory note for $666 67, drawn and payable as the former. Then follow the usual money counts for money had and received, lent and advanced, and paid, laid out and expended, and the declaration concludes generally to the damage of the plaintiffs of $10,000 in money only. The defendant pleaded three pleas. 1. The general issue to the whole declaration. 2. An account in bar to the amount of $830 35, due from the testatrix; and 3. An account in bar to the amount of $1389 33, due from the plaintiffs. Issues were joined on all these pleas.

At the trial, the plaintiffs in support of the issues joined upon the *first, second,* and *third* counts of their declaration, gave in evidence an agreement in writing as follows, viz. "I hold myself bound to pay to my mother, Mrs. *Sarah Lyles,* every year during her life, from the 1st of January 1817, eight hogsheads of crop tobacco, for the use of the plantation on *Piscataway* creek, left me by the will of my deceased father. Given under my hand this 17th January 1818.

*W. H. Lyles.*

And proved the occupancy for four years, commencing on the 1st of January 1817, in pursuance of the said agreement. They further gave evidence of the value of said tobacco at the several times when by the terms of the contract it ought to have been delivered. The defendant then prayed the opinion of the court, that from the evidence and pleadings the plaintiffs were not entitled to recover the value in money of the tobacco. Which opinion the court,

[*Stephen*, Ch. J. and *Key*, A. J.] refused to give; but were of opinion, and so instructed the jury, that the plaintiffs were entitled to recover such value. The defendant excepted. The jury found for the plaintiffs on the *first* issue, and for the defendant on the *second* and *third*; and after deducting the defendant's accounts in bar from the plaintiffs' demands, assessed the plaintiffs' damages to the sum of $4025 27. Upon this verdict the court gave judgment for the plaintiffs generally, for their damages and costs; and the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, and MARTIN, J.

*Ashton* and *Stonestreet*, for the Appellant. 1. As the whole declaration sounds in contract, and the charge in the *first* count is of an express undertaking to pay tobacco in specie, and all the proof on the part of the plaintiffs below, (except as to the two notes,) sustained the charge as stated in the first count, the court below ought not to have instructed the jury that they might ascertain the value of the tobacco in current money, and give their verdict also in current money as a necessary consequence. 2. The breach of the promise laid in the *first* count is for the nonpayment of tobacco, without averring it to be of any particular value in money; and the conclusion of the declaration is generally to the damage of the plaintiffs in money alone. 3. There was no evidence to support either the *second* or *third* or last counts in the declaration. 4. If the value of the tobacco could be recovered in money, it should have been the value at the time of the verdict, and not at the day of payment by the contract, as directed by the court below. That where the contract, upon which the suit is brought, was for the payment of tobacco, money could not be recovered—They referred to *Skirvan vs. Willis*, 4 *Harr. & M'Hen.* 483, and *Stuard's adm'r. vs. Deale*, in this court, at December term 1808. That crop tobacco was as current in this state as money, and had been so for a century past—They referred to the acts of 1713, *ch.* 3, *s.* 11; 1724, *ch.* 6; 1763, *ch.* 18; 1779, *ch.* 25, *s.* 5; October 1780, *ch.* 23; 1785, *ch.* 80, *s.* 13; 1789, *ch.* 26, *s.* 31; 1790, *ch.* 57, *ch.* 59, *s.* 4. These acts, and the practice under them, prove that judgments have been entered for tobacco. The act of 1812, *ch.* 135, *s.* 3, appli-

ed exclusively to money debts, and to make dollars and cents the current money of the state. The act of November 1781, *ch.* 16, was similar to the act of 1812, and it never was contended that it interfered with tobacco contracts, since judgments for tobacco were constantly entered on tobacco contracts, after the act of 1781, and have been so entered since the act of 1812.

*Magruder*, for the Appellees, relied on the act of 1812, *ch.* 135, *s.* 3.

JUDGMENT AFFIRMED.

---

## E. & H. HURN's LESSEE *vs.* SOPER

ERROR to *Anne Arundel* county court. This was an action of ejectment to recover part of a tract of land called *Smith's Desire*, containing 135 acres. The general issue was pleaded.

1. At the trial the plaintiff offered in evidence the patent of *Smith's Desire*, granted to *Edward Smith* on the 1st of August 1686, and proved, that *Richard Fish* was in possession of the land, for which this action is brought, for twenty years, and died seized thereof, and that on his death he left a widow, *Sarah Fish*, a mother, *Harriet Tucker*, and a sister of the half blood, *Harriet Gambrill*, (the lessor of the plaintiff,) the daughter of said *Harriet Tucker;* and that said *Richard Fish* had, at the time of his death, no child or descendant, or ancestor, alive, but left a widow, a mother and a half sister, the plaintiff's lessor, the child of *Fish's* mother by a second husband, *Gambrill*. The defendant then offered in evidence the record of a deed from *Zachariah Tucker*, and the said *Harriet* his wife, to the defendant, for the lands for which this action is brought, dated the 7th of November 1814, and expressed to be in consideration of the sum of $1000. The plaintiff then proved, that the said *Zachariah Tucker*, and *Harriet Tucker*, were illiterate persons, who could neither read nor write, and prayed the opinion of the court, and their instruction to the jury, that the said record of said deed could not be read to the jury for the purpose of deriving title under it, unless it was proved that the deed had been read to the grantors before it was signed by them. The court,

*The exemplification of the enrolment of a deed of bargain and sale of a recent date, is competent evidence of title to lands in ejectment, without producing the original. A person claiming under the grantor of such a deed, but claiming against the deed, is not precluded from showing that it was obtained by fraud.*

*Copies of deeds that are not required to be enrolled, are not evidence.*

*Parol evidence of declarations, by a grantor, made after the date of the deed, of her intention to dispose of the same land by will, and that she had made a will, written by the grantee, which she afterwards destroyed, offered for the purpose of showing that she was ignorant of the contents of the deed, and that it was obtained by fraud and imposition, is inadmissible.*

*As no foundation could be laid by such declarations for letting in parol evidence offered to prove the contents of the supposed will, it is necessarily inadmissible.*

*Parol evidence is inadmissible to prove that a deed was not given for a money consideration, and therefore inoperative as a deed of bargain and sale, where the deed sets out a money consideration.*